· 319

Marguerite P. MacKinney
vs.                          Eq. No. 4521
Harold A. MacKinney
RESCRIPT
April 11, 1919

TANNER, P. J. This is a bill in equity in which the plaintiff alleges that she furnished half of the purchase money of certain real estate situated

in Washington County, with the under-standing and agreement between herself and the defendant that they should be tenants in common of said tract of land, each owning an undivided half thereof. The bill also alleges that the plaintiff has expended upon said land large sums of money before she knew that the defendant had taken legal title to said land in himself alone.

The bill asks that the defendant be compelled to account for one-half the purchase price and all amounts of money expended by the plaintiff on said land, and seeks to have the payment of said sums declared an equitable lien upon the land.

The case is heard upon the defendant's demurrer to amended bill.

1. The chief ground of demurrer, and the most difficult ground, is that the bill is improperly brought in Providence County rather than in Washington County where the land is situated.

Our statute of venue contains, of course, very general language, providing that all actions at law and suits in equity which concern the realty, or any right, easement or interest therein, or the possession thereof; all actions of trespass for breaking and entering the close of any plaintiff, and all actions in which the title to real estate may be tried and determined, shall, if brought in the Superior Court, be brought in the court for the county where the land lies.

While there is much contradiction in the authorities, we are of the opinion that the better rule is that the old equity rule is still applicable, that in the case of fraud of trust or of contract, the jurisdiction of a court of chancery is sustained wherever the person be found, although lands not within the jurisdiction of the court may be affected by the decree.

The question involved is not a naked question of title, but a question of defendant's personal obligation because of contract and of trust reposed in him. The ultimate relief sought by the bill

is the recovery of money due from the defendant because of his breach of trust. While the bill seeks to secure the payment of the money by the establishment of a lien, the lien is not the direct or essential object of the bill, but is rather, like a levy of execution, the means taken to secure the payment of a judgment which may be rendered in the suit.

40 Cyc, p. 58 et seq.

The very general language of our statutes "which concern the realty or any right, easement or interest therein," evidently needs definition. It is really recognized that there are many transitory actions which might be said to concern the realty. One of the most obvious is that of an action for use and occupation of real estate. The principle case cited by the defendant is a California case. The California statute expressly uses the words "for the enforcement of an equitable lien".

Even in California the Court at one time took a different view.

Le Breton vs. Superior Court, 60 Cal. 27.

See also State vs. Superior Court, 7 Washington 306.

Even if this view be not correct, we are of the opinion that the defendant has waived the objection by not raising it upon his first demurrer. He argues that the first bill didn't state a case, but it did sufficiently identify the cause of action as being concerned with real estate situated in Washington County.

"According to the better rule supported by the weight of authority, the bringing of an action in an improper county or district is not a jurisdictional defect where the court has general jurisdiction on the subject matter, and the statutes fixing the venus in certain actions confer a mere, personal privilege which may be waived."

40 Cyc p. 111.

2. The remaining ground of demurrer is to the effect that the bill alleges a tenancy in common between the plain-

tiff and the defendant, and that, therefore, the plaintiff cannot recover sums of money which she has expended in making permanent improvements and additions to property held in common.

The object of the bill, however, is not to enforce the resulting trust but to exercise the plaintiff's option to recover back the money she has spent and to allow the defendant to retain the title to the real estate.

"Where real estate is purchased wholly with trust funds, the cestui can take the trust fund or the estate. If purchased partly with trust funds, the cestui has an equitable lien on the estate purchased to the amount of his money invested."

Perry on Trusts, Sc. 128, 842.

Demurrer is therefore overruled.

For complainant: Tillinghast & Collins.

For respondent: Green, Hinckley & Allen.